UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

WACO DIVISION



| | |
|---|---|
| BRENDA K. GRAY, o/b/o J.J.B., <br> Plaintiff, § § § | |
| VS. § | CIVIL ACTION NO. W-12-CA-249 |
| § | |
| CAROLYN W. COLVIN, Commissioner, <br> Social Security Administration, <br> Defendant. § § § § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE WALTER S. SMITH, JR.,
     UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(c) and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. PROCEDURAL HISTORY

Brenda K. Gray, ("Plaintiff") brings this action on behalf of her minor grandson J.J.B. ("Claimant"), of whom Plaintiff has legal custody. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying J.J.B.'s claim for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act ("the Act"). Plaintiff is before the Court pro se and in forma pauperis. Claimant was born on April 21,

2003. Tr. at 89. Plaintiff alleges that Claimant has been continuously disabled from April 1, 2006 to present due to attention deficit hyperactive disorder ("ADHD"). Tr. at 89, 96.

Plaintiff, on Claimant's behalf, applied for SSI on December 14, 2009. Tr. at 89. The claim was initially denied by Notice dated February 3, 2010. Tr. at 40. The claim was denied again by Notice of Reconsideration dated April 28, 2010. Tr. at 49. Plaintiff timely filed a request for a hearing by an Administrative Law Judge ("ALJ"), which was held on April 28, 2011, in Waco, Texas. Tr. at 29, 55. Plaintiff and Claimant both appeared and testified at the hearing. *Id*. Although informed of the right to representation, J.J.B., through Plaintiff, chose to appear and testify without the assistance of an attorney or other representative. Tr. at 27-29, 68. The ALJ issued an unfavorable decision dated July 7, 2011, finding that Claimant is not disabled within the meaning of the Act. Tr. at 11–23. The Appeals Council declined Plaintiff's Request for Review via Notice dated September 7, 2012, making it the Final Decision of the Commissioner. Tr. at 1-4. On September 17, 2012, Plaintiff brought the instant action pursuant to 42 U.S.C. § 1383(c) for judicial review of the final decision of the Commissioner denying J.J.B. benefits under the Act.

## II. STANDARD OF REVIEW

Judicial review of a decision by the Commissioner of the Social Security Administration to deny SSI benefits pursuant to 42 U.S.C. § 405(g) is limited to ascertaining whether the Commissioner's final decision is supported by substantial evidence in the record and whether proper legal standards were used to evaluate the evidence. *See Brown v. Apfel*, 192 F.3d 492, 495 (5th Cir. 1999); citing *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). It requires evidence that is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 400 (1971); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). Substantial evidence will create more than a mere suspicion of the existence of the fact to be established. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). A claimant seeking disability insurance or social security benefits bears the initial burden of proving that he or she is disabled for purposes of the Act, 42 U.S.C. § 1381. *Fruge v. Harris*, 631 F.2d 1244, 1246 (1980).

If proper principles of law were applied, and if the Commissioner's decision is supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed, even if substantial evidence exists that would support an alternative finding. *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992); *Martinez*, 64 F.3d. at 173 (citing *Richardson*, 402 U.S. at 390); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). The scope of review is limited to the record, and the court will neither conduct de novo review, make credibility determinations, nor re-weigh the evidence. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

### III. ESTABLISHING CHILD ELIGIBILITY FOR SSI DISABILITY BENEFITS

An individual is deemed to have a disability if he cannot "engage in any substantial gainful activity" due to a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. § 1382c(a)(3)(A). In determining whether an individual applicant under the age of 18 is disabled under the meaning of the Act, a three-step sequential evaluation process is utilized. *See* 20 C.F.R. § 416.924(a). If the Commissioner can

determine that the Claimant is disabled or not disabled at any step, a decision is made and the remaining steps are not considered. *Id.* Otherwise, the Commissioner proceeds to the next step. *Id.* The steps are summarized as follows:

> Step 1: If Claimant is engaged in substantial gainful activity, Claimant is not disabled.
>
> Step 2: If Claimant does not have a medically determinable impairment or combination of impairments that is "severe," Claimant is not disabled.
>
> Step 3: If Claimant's severe impairment(s) meets, medically equals, or functionally equals one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; and meets the duration requirement (lasted or is expected to last for a continuous period of at least 12 months), Claimant is presumed disabled without further inquiry. If not, Claimant is not disabled.

*See* 20 C.F.R. § 416.924. For the third inquiry, in determining whether an impairment or combination of impairments meets or medically equals a listing, the ALJ must compare the Claimant's impairment (or combination of impairments) with the requirements set out in the Listing of Impairments, Appendix 1 to Subpart P of 20 C.F.R. Part 404. *See* 20 C.F.R. § 416.924(d). An impairment "meets" the requirements of a listing when it satisfies all of the criteria of that listing and satisfies the duration requirement. 20 C.F.R. § 416.924(d)(1). An impairment "medically equals" a listing if the Claimant does not exhibit one of the required findings of a listing described in the Listing of Impairments, or a finding is not as severe as specified in the particular listing, but there exists other findings related to the impairment that are of at least equal medical significance to the required criteria. *See* 20 C.F.R. § 416.926.

In determining whether an impairment (or combination of impairments) functionally equals the listings, the ALJ assesses the Claimant's functioning in six domains: (1) acquiring and

4

using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To functionally equal the listings, the Claimant's impairment (or combination of impairments) must result in "marked" limitation in two domains of functioning, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d).

The regulations define a "marked limitation" as a serious interference with a claimant's ability to independently initiate, sustain, or complete activities and applies to limitations that are "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(i). A claimant has an "extreme limitation" in a domain when his impairment interferes very seriously with his ability to independently initiate, sustain, or complete activities and the limitation is "more than marked." 20 C.F.R. § 416.926a(e)(3)(i). This rating is intended for the worst limitations. *Id.* In making this assessment, the ALJ compares the functioning of the claimant child to the functioning of children the claimant's age who do not have impairments based upon all the evidence contained in the record. 20 C.F.R. § 416.924a(b)(3).

## IV. ALJ'S FINDINGS

In the present case, the ALJ issued findings that: (1) Claimant has not engaged in substantial gainful activity since the application date; and (2) Claimant does have a medically determinable severe impairment in the form of ADHD. *See* Tr. at 14. Under step 3 of the analysis, the ALJ found that Claimant's impairment does not meet or medically equal the criteria of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926). *See* Tr. at 14.

In reaching this conclusion, the ALJ considered the criteria of section 112.11[1] and determined the criteria were not met. *Id.* The ALJ noted that the record fails to show marked inattention, marked impulsiveness, or marked hyperactivity. *Id.* The ALJ observed that the state agency medical personnel did not determine that Claimant had an impairment that met or equaled the criteria of any listing. *Id.* The ALJ further noted that, consistent with the record, no treating or examining physician had indicated findings that would satisfy the severity requirements of any listed impairment. *Id.*

The ALJ further found that Claimant's impairment does not functionally equal a listing. *See* Tr. at 14. In reaching this conclusion, the ALJ determined that Claimant failed to demonstrate either a marked limitation in two domains of functioning or an extreme limitation in one domain of functioning. *See* Tr. at 23. Rather, the ALJ found that Claimant has a less-than-marked limitation in the domains of "acquiring and using information," "attending and completing tasks," and "ability to care for himself." *See* Tr. at 15-22. The ALJ further found

---

[1] 112.11 Attention Deficit Hyperactivity Disorder: Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity. The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

A. Medically documented findings of all three of the following:
    1. Marked inattention; and
    2. Marked impulsiveness; and
    3. Marked hyperactivity;
        AND

B. For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

*See* 20 C.F.R. § Pt. 404, Subpt. P, App'x. 1.

that Claimant has no limitation in the domains of "interacting and relating with others," "moving about and manipulating objects," and "health and physical well-being." *See id.*

In accordance with the record, the Commissioner ultimately ruled that because Claimant's impairment does not meet, medically equal, or functionally equal any of the listings found in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Claimant is not disabled under the Act. Tr. at 1-4, 23.

## V. ISSUES PRESENTED

Although difficult to glean any specific argument or legal theory from Plaintiff's pro se complaint and accompanying brief in support, Plaintiff appears to disagree with the entire decision of the Commissioner on the grounds that Claimant is in fact disabled. In support of this contention, Plaintiff appears to state that Claimant is on medication, that without medication Claimant is unbearable, and that Claimant is having a hard time and cannot go anywhere without his medication. The Court interprets Plaintiff's statements as setting forth the following issues for the Court's review:

> 1) The ALJ's finding that J.J.B. is not disabled under the Act is not supported by substantial evidence.
>
> 2) J.J.B. is disabled because he was diagnosed with ADHD and as a result needs four types of medication to control his behavior.

Although Plaintiff does not articulate specific arguments or point to evidence in the record in support of her position, given Plaintiff's pro se status, the Court will nevertheless review the Commissioner's decision under the appropriate standard of review.

## VI. DISCUSSION

### 1) The ALJ's Finding that J.J.B. is Not Disabled Under the Act is Supported by Substantial Evidence

The ALJ's findings at steps 1 and 2 in this case are favorable to the Plaintiff and do not appear to be in dispute. *See* Tr. at 14. The Plaintiff does not specifically allege, nor does the record support, any argument at step 3 that Claimant's impairment might meet or medically equal a listing. *See* Pl.'s Br. at 1. Therefore, the Court understands Plaintiff's Complaint as objecting to the ALJ's step 3 finding that Claimant's impairment does not functionally equal a listing. *See* Tr. at 14. Accordingly, the Court will evaluate if there exists substantial evidence in the record to support the ALJ's findings that Claimant fails to present marked limitation in two domains of functioning or extreme limitation in one domain of functioning.

### A. Less than Marked Limitation in Domain of "Acquiring and Using Information"

The ALJ's finding that Claimant has less than marked limitation in the domain of acquiring and using information is supported by substantial evidence in the record. This domain involves consideration of Claimant's ability to acquire, learn, and use information. 20 C.F.R. § 416.926a(g).

In finding limitation, the ALJ noted that Claimant has a history of ADHD but that he is not enrolled in special education, and medical evidence indicates he does well on medications. *See* Tr. at 17. The ALJ further noted that Claimant's teacher wrote a letter reporting some trouble with comprehending and understanding instructions. *Id.* The ALJ also noted, however, that Claimant was doing well in school and Claimant's teacher wrote a letter indicating that Claimant had been completing his work and was paying attention, although he sometimes seems

8

to be "out there" and non-responsive. *Id.* Finally, the ALJ noted that Claimant testified at the hearing that he does his homework and plays with his play station after school. *Id.*

The record shows that Claimant has been diagnosed with ADHD. *See* Tr. at 157. However, at the time of the ALJ hearing, Claimant was in the second grade and receiving A's and B's. *See* Tr. at 31. This fact is referenced numerous times in the record by Claimant's teachers, grandmother, doctors, the ALJ, and Claimant himself. *See e.g.* Tr. at 15, 18, 22, 31. Claimant has never been in special education. *See* Tr. at 144. The record reflects that at the ALJ hearing, Claimant responded intelligently to several questions. *See* Tr. at 30-32. The Claimant further testified that after school, he does his homework and plays with his play station. *See id.*

Additionally, in the Teacher Questionnaire dated March 16, 2010, Claimant's teacher reported a slight problem with expressing ideas in written form but no problem in other activities relating to acquiring and using information. *See* Tr. at 127-133. The same teacher also annotated therein that although Claimant is off task and cannot function at grade level when he is off his ADHD medication, when Claimant is on his medication, he is able to focus and complete all assignments and functions at or above grade level. *See id.* The record also contains a letter from the same teacher stating that Claimant had been completing his work and was paying attention, however, as the ALJ discussed, the letter also states that Claimant sometimes seemed to be "out there" and non-responsive. *See* Tr. at 219.

In the Child Disability Evaluation Form dated February 1, 2010, Dr. Mehdi Sharifian opined that Claimant presented with less than marked limitation in the domain of acquiring and using information based upon reports from Claimant's teachers. *See* Tr. at 204-209. In the Child

Disability Evaluation Form dated April 27, 2010, Dr. Robert Gilliland opined that Claimant presented with no limitation in the domain of acquiring and using information based upon reports from Claimant's teachers and Mental Health and Mental Retardation services. *See* Tr. at 240-245.

The Commissioner's finding that Claimant has less than marked limitation in the domain of acquiring and using information is supported by substantial evidence contained in the record as a whole. Therefore, the Commissioner's decision is conclusive and must be affirmed, even if substantial evidence exists that would support an alternative finding. *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992); *Martinez*, 64 F.3d. at 173 (citing *Richardson*, 402 U.S. at 390); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

## B. Less than Marked Limitation in Domain of "Attending and Completing Tasks"

The ALJ's finding that Claimant has less than marked limitation in the domain of attending and completing tasks is supported by substantial evidence in the record. This domain involves consideration of Claimant's ability to focus and maintain attention, and the ability to begin, carry through, and finish activities, including Claimant's pace of performance and ease in changing activities. 20 C.F.R. § 416.926a(h).

In finding limitation, the ALJ noted that Claimant has been diagnosed with ADHD. *See* Tr. at 18, 157. The ALJ further noted that Claimant's teacher reported that Claimant has trouble focusing on daily work, has trouble carrying out multi-step instructions, and is a little slow in completing tasks and assignments. *See* Tr. at 18. However, the ALJ noted that despite this fact, Claimant testified at his hearing that he is in the second grade and gets A's and B's. *See* Tr. at

18, 31. The ALJ further explained in his decision that he afforded little weight to Dr. Gilliland's opinion that Claimant presented with marked limitation in the domain of attending and completing tasks because that opinion was inconsistent with the medical evidence available in the record. *See* Tr. at 23.

The record evidence regarding the domain of Attending and Completing Tasks is as follows. In the Function Report - Child Age 6 to 12 dated December 14, 2009, Plaintiff self-reported that Claimant's ability to pay attention and stick with a task is limited by his impairment. *See* Tr. at 115. Plaintiff further annotated that Claimant has difficulties with finishing things he starts, completing his homework, and completing his chores most of the time. *Id.* However, Plaintiff indicated that Claimant does not experience difficulties with "keeping busy on his own," or "working on arts and crafts projects." *Id.*

In the Teacher Questionnaire dated March 16, 2010, Claimant's teacher reported problems with attending and completing tasks. *See* Tr. at 127-134. However, the same teacher also annotated therein that although Claimant is off task and cannot function at grade level when off his medication, Claimant is able to focus and complete all assignments when he is on his ADHD medication, then functioning at or above grade level. *See id.* The record also contains a letter from Claimant's teacher stating that Claimant had been completing his work and was paying attention, however Claimant sometimes seemed to be "out there" and non-responsive. *See* Tr. at 219. As the ALJ noted, Claimant testified at his hearing before the ALJ that he receives A's and B's. Tr. at 31.

Based on the evidence of record discussed above, the Commissioner's finding that the Claimant has less than marked limitation in the domain of attending and completing tasks is supported by substantial evidence contained in the record as a whole. Therefore, the Commissioner's decision is conclusive and must be affirmed, even if substantial evidence exists that would support an alternative finding. *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992); *Martinez*, 64 F.3d. at 173 (citing *Richardson*, 402 U.S. at 390); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

## C. Less than Marked Limitation in Domain of "Ability to Care for Himself"

The ALJ's finding that Claimant has less than marked limitation in the domain of ability to care for himself is supported by substantial evidence in the record. This domain involves consideration of Claimant's ability to maintain a healthy emotional and physical state, including Claimant's ability to get physical and emotional needs met in appropriate ways, Claimant's ability to cope with stress and changes in his environment, and whether or not Claimant takes care of his own health, possessions and living area. 20 C.F.R. § 416.926a(k).

In finding some degree of limitation, the ALJ considered the function report completed by Plaintiff. *See* Tr at 21. In the Function Report - Child Age 6 to 12 dated December 14, 2009, Plaintiff indicated that Claimant experiences difficulty tying his shoelaces, taking a bath or shower without help, washing his hair by himself, doing what he is told most of the time, and accepting criticism or correction. *See* Tr. at 114. Plaintiff further indicated that Claimant has difficulties with finishing things he starts, completing his homework, and completing his chores most of the time. *Id.* at 115.

The ALJ recognized these difficulties and accordingly found some degree of limitation. *See* Tr. at 21. However, these self-reported limitations only reflect *some* of the examples of difficulty children could have in caring for themselves set forth in 20 CFR 416.926a(k)(3) and SSR 09-7p, and, importantly, those examples do not necessarily describe "marked" or "extreme" limitation. Plaintiff carries the burden of proof in establishing that Claimant presents with any higher degree of limitation, and the record stands absent further evidence to support such a finding. Thus, Plaintiff failed to carry her burden of proof in supporting an alternate finding.

Because the Commissioner's finding that the Claimant demonstrates less than marked limitation in the domain of ability to care for himself is supported by substantial evidence contained in the record, the Commissioner's decision is conclusive and must be affirmed. *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992); *Martinez*, 64 F.3d. at 173 (citing *Richardson*, 402 U.S. at 390); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

### D. No Limitation in Remaining Domains

The ALJ's finding that the Claimant has no limitation in the remaining three domains of "interacting and relating with others," "moving about and manipulating objects," and "health and physical well-being" is supported by substantial evidence in the record.

For example, in the Teacher Questionnaire dated March 16, 2010, Claimant's teacher reported Claimant has no problems in the domains of interacting and relating with others, moving about and manipulating objects, or health and physical well-being. *See* Tr. at 127-134. In the Child Disability Evaluation Form dated February 1, 2010, Dr. Mehdi Sharifian annotated his opinion that Claimant presented with no limitation in the domains of interacting and relating

13

with others, moving about and manipulating objects, and health and physical well-being. *See* Tr. at 204-209. In the Child Disability Evaluation Form dated April 27, 2010, Dr. Robert Gilliland annotated his opinion that Claimant presented with no limitation in the domains of interacting and relating with others, moving about and manipulating objects, and health and physical well-being. *See* Tr. at 240-245.

Furthermore, Plaintiff carries the burden of proof in establishing that Claimant presents with any higher degree of limitation, and Plaintiff does not argue any limitation regarding these remaining domains. In fact, the ALJ noted that in the Function Report - Child Age 6 to 12 dated December 14, 2009, Plaintiff indicated that Claimant's ability to communicate is not limited, Claimant has friends his own age, Claimant can make new friends, and Claimant generally gets along with other adults and school teachers.. *See* Tr. at 110-113. Thus, Plaintiff failed to carry her burden of proof in supporting an alternate finding.

Because the Commissioner's finding that the Claimant demonstrates no limitation in the remaining three domains of functioning is supported by substantial evidence contained in the record, the Commissioner's decision is conclusive and must be affirmed. *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992); *Martinez*, 64 F.3d at 173 (citing *Richardson*, 402 U.S. at 390); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

### 2) Claimant Not Disabled Under the Act if Medication Sufficient to Control Symptoms

Plaintiff's argument that Claimant is disabled solely because he takes medication to control his behavior is without merit. The Commissioner is merely required to consider what effect if any does treatment such as medication have on Claimant's level of functioning. *See* 20 C.F.R. § 416.924a(b)(9). According to the record, Claimant's ADHD symptoms are being adequately controlled by prescribed medications. This further supports the ALJ's decision that Claimant's impairment does not functionally equal a listing. *See* Tr. at 14.

The regulations provide that the Commissioner must consider the effects of treatment (including medications and other treatment) to determine its effect on the Claimant's functioning. *See* 20 C.F.R. § 416.924a(b)(9)(i). Plaintiff incorrectly argues that the mere fact Claimant takes medication to control his ADHD symptoms is conclusive evidence that Claimant is disabled. *See* Tr. at 5. However, the proper focus is not upon whether the Claimant takes prescribed medication, but rather upon what effect does treatment such as medication have on Claimant's functioning. *See* 20 C.F.R. § 416.924a(b)(9). In the present case, the record as a whole indicates that Claimant's ADHD symptoms are being adequately controlled by prescribed medications.

For example, on December 28, 2009, Plaintiff indicated during a doctor's visit that Claimant was doing much better since medication adjustments and that Claimant continued to do well in school although evening time was still a problem when Claimant was coming off of his medications. Tr. at 168-169. In the Teacher Questionnaire dated March 16, 2010, Claimant's teacher commented that although Claimant is off task and cannot function at grade level when off his medication, Claimant is able to focus and complete all assignments when he is on his ADHD

15

medication, then functioning at or above grade level. *See* Tr. at 127-134. The record contains numerous reports from follow-up appointments indicating that Claimant has been performing well on medication and that Claimant's ADHD symptoms appear to be well controlled with medication. *See, e.g.*, Tr. at 253-254, 257, 259, 264-265, 271, 330. On May 5, 2010, Plaintiff indicated at a follow-up visit that Claimant had been doing well since the last visit, had been receiving all green marks, and that Claimant's teachers were very pleased. Tr. at 337. Plaintiff also reported being pleased that Claimant was eating a lot more and would be promoted to the second grade in the fall. *Id.* Notes from medical personnel included in the report indicated that Claimant's current medical regimen is effective and recommended continuing present plan and medications. Tr. at 338.

The fact that Claimant's ADHD symptoms are being adequately controlled by prescribed medications is well documented throughout the record and supports the ALJ's ultimate decision that Claimant is not disabled under the meaning of the Act. *See* Tr. at 11.

## VII. CONCLUSION & RECOMMENDATION

In conclusion, the Commissioner's overall findings are supported by substantial evidence in the record and must be affirmed, even if substantial evidence exists that would support an alternative finding. *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992); *Martinez*, 64 F.3d. at 173 (citing *Richardson*, 402 U.S. at 390); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). Based on the foregoing discussion, the Court recommends that the final decision of the Commissioner be **AFFIRMED**. The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or

recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)©; *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). To the extent that a party has not been electronically served by the Clerk with this Report and Recommendation pursuant to the CM/ECF procedures of this District, the Clerk is directed to send such party a copy of this Report and Recommendation by a national overnight delivery service having confirmation of pickup and delivery.

**SIGNED** this 21th day of January, 2015.

JEFFREY C. MANSKE
U.S. MAGISTRATE JUDGE